# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

|  |  |  |
|---|---|---|
| **CAROLYN BETCKE, Heir** *of the estate of* | ) | |
| **Mitchell Betcke, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:16-cv-00117-SLC** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Mitchell Betcke, who is now deceased,[1] brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner").  (ECF 1). On September 27, 2018, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings.  (ECF 23).

Betcke's attorney, Joseph Sellers,[2] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $6,749.75 for Counsel's representation of Betcke in federal court, less an offset for $5,048.230 in attorney fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (ECF 27; *see* ECF 26).  The Commissioner does not oppose Counsel's fee request.  (ECF 27 § 11).  For the following reasons, the motion for attorney fees will be GRANTED.

---

[1] Carolyn Betcke, Mitchell Betcke's heir, has since been substituted as Plaintiff in accordance with Federal Rule of Civil Procedure 25.  (ECF 31, 33).

[2] For ease, the Court hereinafter will refer to Attorney Sellers and his co-counsel, Deborah Spector, as simply "Counsel."

### A.  Factual and Procedural Background

On March 25, 2016, Counsel entered into a Contingent Fee Agreement for Judicial Review of Social Security Matters (the "Fee Agreement") with Betcke for their representation of Betcke in federal court, in which Betcke agreed to pay Counsel twenty-five percent of any past-due benefits awarded to him.[3]  (ECF 27-5).

On April 5, 2016, Betcke filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits.  (ECF 1).  On September 27, 2018, the Court entered an Opinion and Order directing the clerk to enter a judgment in Betcke's favor and remanding the case to the Commissioner for further proceedings.  (ECF 23, 24).

On December 21, 2018, Betcke filed a joint stipulation to an award of EAJA fees in the amount of $5,048.23, which the Court subsequently granted.  (ECF 25, 26).

On October 25, 2020, the Commissioner issued a notice of award informing that Betcke was entitled to monthly disability benefits beginning October 2012 through his death in August 2017, totaling $26,999 in past-due benefits.[4]  (ECF 27-4 at 2, 4).  The Commissioner informed that it was withholding $6,749.75—twenty-five percent of Betcke's past-due benefits award—for payment of his representatives.  (*Id.* at 4).

On November 30, 2020, Counsel filed the instant motion seeking the Court's approval of $6,749.75 in attorney fees before this Court, requesting that the previously paid EAJA fees be offset from this amount, resulting in a net payment to Counsel of $1,701.52.  (ECF 27).

---

[3] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[4] The Commissioner initially sent a notice of award in April 2020 stating that Betcke was to receive $46,331 in past-due benefits (ECF 27-3 at 4), but the Commissioner issued a corrected notice in October 2020 (ECF 27-4 at 4).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id.* Unlike fees obtained under the EAJA,[5] the fees awarded under § 406 are charged against the claimant, not the government. *Id.* at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[6] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney

---

[5] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA

award "offsets" an award under § 406(b).  *Id.* at 797.

Unlike the award by the Commissioner under § 406(a), the Court is required under

§ 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements.

*Id.* at 809.  The Supreme Court has explained:

> Congress has provided one boundary line:  Agreements are
> unenforceable to the extent that they provide for fees exceeding 25
> percent of the past-due benefits.  Within the 25 percent boundary, .
> . . the attorney for the successful claimant must show that the fee
> sought is reasonable for the services rendered.
>     Courts that approach fee determinations by looking first to
> the contingent-fee agreement, then testing it for reasonableness,
> have appropriately reduced the attorney's recovery based on the
> character of the representation and the results the representative
> achieved.

*Id*. at 807-08 (citations and footnotes omitted).  "A petition for fees under § 406(b)(1) must be

brought within a reasonable time."  *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

### C.  Analysis

The Court is charged with determining whether Counsel's requested fee of $ $6,749.75

under the Fee Agreement and § 406(b) is "a reasonable fee for such representation, not in excess

of 25 percent of the total of the past-due benefits . . . ."  42 U.S.C. § 406(b)(1)(A).  The notice of

benefits from the Commissioner infers that Betcke was awarded $26,999 in past-due benefits.

(*See* ECF 27-4 at 4).  Thus, the fee amount that Counsel requests, $6,749.75 does not exceed

twenty-five percent of Betcke's past-due benefits.

Counsel contends that the requested fee award of $6,749.75 is reasonable for the eighteen

attorney hours spent representing Betcke in federal court.  It is obvious that Counsel obtained a

good result for Betcke, as the Commissioner ultimately found him disabled and awarded him

4

approximately $26,999 in past-due benefits.  *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client).  In doing so, Counsel did not request any extension of time, and thus, did not contribute to any delay of the case.[7]  *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

The risk of loss the attorney assumed in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee.  "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard.  The risk of loss is also greater in social security cases because there are no settlements."  *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").

Here, Counsel's requested fee of $6,749.75 divided by the 18 hours they spent on the

---

[7] The Commissioner requested, and was granted, one thirty-day extension and one twenty-eight day extension during the briefing process.  (ECF 17 to ECF 20).

case in federal court equates to an effective rate of approximately $375 per hour.[8]  As such,

Counsel's requested fee equates to an effective rate below previous awards approved by this

Court.  *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12,

2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014

WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v.*

*Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee

equating to $549.14 per hour).

Accordingly, Counsel's requested fee award of $ $6,749.75 under § 406(b) will be

authorized by this Court, but will incorporate an offset for the $5,048.23 in EAJA fees

previously received by Counsel, reducing the fee award to $1,701.52.  *See Gisbrecht*, 535 U.S. at

796; *see also O'Donnell v. Saul*, — F.3d —, 2020 WL 7706734, at *6-7 (7th Cir. Dec. 29, 2020)

(stating that while not favored, "the netting method is permissible" with respect to payment of §

406(b) fees).

### D.  Conclusion

For the foregoing reasons, Counsel's Unopposed Motion for Authorization of Attorney

Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b) (ECF 27) is GRANTED in the

---

[8] Although the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of  a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, No. 09-30452, 2010 WL 3783666, at *7 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

amount of $6,749.75 less an offset of $5,408.23 for previously awarded EAJA fees, resulting in a

net § 406(b) award of $1,701.52 to Counsel.

SO ORDERED.

Entered this 19th day of January 2021.

/s/ Susan Collins

Susan Collins
United States Magistrate Judge